UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 04 10242 MEL

ROBERT H. GABLER and
HELEN D. GABLER

Plaintiffs

v.

**FIRST AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

CANDACE KALOMBRATSOS,
and GAMBRO HEALTHCARE, INC.,

Defendants

## PARTIES

1. Plaintiff Robert H. Gabler ("Mr. Gabler") resides at 645 Beverly Road, Holland, Pennsylvania.

2. Plaintiff Helen D. Gabler ("Mrs. Gabler"), the wife of Mr. Gabler, resides with him at 645 Beverly Road, Holland, Pennsylvania.

3. Defendant Candace Kalombratsos ("Kalombratsos") is a registered nurse, Massachusetts license number 204818, who at all relevant times was employed by Defendant Gambro Healthcare, Inc. ("Gambro") at 524 Union Street, New Bedford, Massachusetts.

4. Defendant Gambro Healthcare, Inc. ("Gambro") is a dialysis healthcare provider which has a corporate headquarters at 10810 West Collins Avenue, Lakewood, Colorado and conducts business as a hemodialysis facility in the Commonwealth of Massachusetts at 524 Union Street, New Bedford, Massachusetts.

## JURISDICTION

5. This forum is appropriate, pursuant to 28 U.S.C. 1332., as there is diversity of citizens: all plaintiffs from Pennsylvania and, based on information and belief, all defendants from Massachusetts. Further, the amount in controversy exceeds $75,000.

## FACTS COMMON TO ALL COUNTS

6. At all relevant times, Mr. Gabler sought and received medical treatment from the Defendants.

7. At all relevant times, Kalombratsos was working within the scope of her employment by Gambro.

8. Mr. Gabler suffers from kidney failure, a condition which requires him to undergo hemodialysis treatment three times per week and had an AV(arteriovenous) fistula inserted in his left forearm for the purpose of receiving this frequent treatment.

9. On July 15, 2002, Mr. Gabler visited Gambro and was treated by Kalombratsos.

10. Mr. Gabler had a standing order indicating he was to receive the hemodialysis treatments in his AV fistula.

11. Despite this order, Kalombratsos inexplicably inserted the needle into Mr. Gabler's upper left arm, above the fistula, directly into the flesh and nerve of the upper arm.

12. Mr. Gabler experienced immediate pain, tingling and numbness following the insertion of the needle, indicating nerve injury.

13. Immediately following the treatment by Kalombratsos, Mr. Gabler suffered a severe hematoma and gross edema in his left arm.

14. Mr. Gabler was seen by a vascular surgeon on July 16, 2002 who determined that Mr. Gabler did, in fact, suffer from median nerve damage as a result of the incident the previous day.

15. Mr. Gabler currently suffers profound and permanent damage to his left median nerve, causing severe discomfort and impediment in the use of his left arm on a continuous basis.

16. A formal demand letter was sent on October 8, 2003 to Gambro pursuant to Massachusetts General Law Chapter 93A, Section 9 describing unfair and deceptive acts and practices performed by Gambro in violation of this statute.

17. Gambro received said letter and responded.

18. By reason thereof, Mr. Gabler has suffered damages in the loss of use of his left arm, diminution in the quality of life, pain, suffering, and necessary medical expenses.

19. By reason thereof, Mrs. Gabler has suffered the loss of consortium of her husband, Mr. Gabler.

## CLAIMS

### COUNT I

Defendant Candace Kalombratsos, in her care or treatment of Robert H. Gabler, failed to conform to the acceptable standard of care required of the average, qualified practitioner administering hemodialysis, and as a direct and proximate result, the plaintiff Robert H. Gabler suffered harm, including but not limited to, permanent and severe nerve damage, diminution in the quality of life, pain, suffering, and necessary medical expenses.

WHEREFORE, Plaintiff Robert H. Gabler demands judgment against Defendant Candace Kalombratsos in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

### COUNT II

Defendant Gambro, in failing to provide rules regulating the treatment of patients by their employees and/or by employing unqualified and/or unprepared dialysis personnel, and by failing to adequately supervise its worker who included Kalombratsos, deviated from the acceptable standard of care required of the average, qualified hemodialysis center. As a direct and proximate result, the plaintiff Robert H. Gabler suffered harm, including but not limited to, permanent and severe nerve damage, diminution in the quality of life, pain, suffering, and necessary medical expenses.

WHEREFORE, Plaintiff Robert H. Gabler demands judgment against Defendant Gambro Healthcare, Inc. in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

### COUNT III

Defendant Candace Kalombratsos, in her care or treatment of Robert H. Gabler, failed to conform to the acceptable standard of care required of the average, qualified practitioner administering hemodialysis, and as a direct and proximate result, the plaintiff Helen D. Gabler has suffered and continues to suffer the loss of consortium of her husband, including the loss of his society, companionship and affection.

WHEREFORE, Plaintiff Helen D. Gabler demands judgment against Defendant Candace Kalombratsos in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

## COUNT IV

Defendant Gambro, in failing to provide rules regulating the treatment of patients by their employees and/or by employing unqualified and/or unprepared dialysis personnel, and by failing to adequately supervise its worker who included Kalombratsos, deviated from the acceptable standard of care required of the average, qualified hemodialysis center. As a direct and proximate result, the plaintiff Helen D. Gabler has suffered and continues to suffer the loss of consortium of her husband, including the loss of his society, companionship and affection.

WHEREFORE, Plaintiff Helen D. Gabler demands judgment against Defendant Gambro Healthcare, Inc. in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

## COUNT V

A business, Defendant Gambro violated Massachusetts General Law Chapter 93A, Section 9 and 940 CMR 3.16(3) by committing unfair and deceptive acts and practices towards a consumer, Robert H. Gabler, by allowing unqualified and/or unprepared dialysis personnel, including Candace Kalombratsos, to perform medical procedures contrary to 105 CMR 145.152.

WHEREFORE, Plaintiff Robert H. Gabler demands judgment against Defendant Gambro Healthcare, Inc. in an amount to be determined by the Court, plus interest, costs, double or treble damages, attorneys' fees and such additional and further relief as the Court deems just.

## COUNT VI

At all relevant times Kalombratsos was conducting herself in the scope of and during the course of her employment with Gambro, and as such Gambro is vicariously liable for the negligence of Kalombratsos under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff Robert H. Gabler demands judgment against Defendant Gambro Healthcare, Inc. in an amount to be determined by the Court, plus interest, costs, attorneys' fees and such additional and further relief as the Court deems just.

## COUNT VI

At all relevant times Kalombratsos was conducting herself in the scope of and during the course of her employment with Gambro, and as such Gambro is vicariously liable for the negligence of Kalombratsos under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff Helen D. Gabler demands judgment against Defendant Gambro Healthcare, Inc. in an amount to be determined by the Court, plus interest,

costs, attorneys' fees and such additional and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs in this action hereby claim trial by jury as to all issues raised in the Complaint.

By Their Attorneys,

*[signatures]*

Carmen L. Durso, Esq. BBO # 139340
Robert C. Gabler, Esq. BBO # 547227
Suite 3232
100 Summer Street
Boston, MA 02110-2104
(617) 728-9123

March 30, 2004