UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT H. GABLER and<br>HELEN D. GABLER<br><br>Plaintiffs,<br><br>v.<br><br>CANDANCE KALOMBRATSOS and<br>GAMBRO HEALTHCARE, INC.,<br><br>Defendants | Civil Action No.<br>04CV10242MEL |

### ANSWER OF THE DEFENDANT, CANDACE KALOMBRATSOS, R.N., TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

FIRST DEFENSE

The defendant, Candace Kalombratsos, R.N., hereby answers plaintiff's First Amended Complaint and Demand for Jury Trial as follows:

PARTIES

1.  The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1.

2.  The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2.

3.  The defendant admits that she was a registered nurse employed by Gambro Healthcare of Massachusetts, Inc. at its New Bedford facility.

4.  The defendant is without sufficient knowledge or information to form a belief as to the location of Gambro Healthcare's corporate headquarters. The defendant admits the further allegations of paragraph 4.

## JURISDICTION

5.     The defendant is without sufficient knowledge or information to form a belief as to the diversity of citizenship among the parties.  The defendant denies the amount in controversy exceeds $75,000.

## FACTS COMMON TO ALL COUNTS

6.     The defendant admits that Mr. Gabler received dialysis services from defendants Candace Kalambratsos, R.N. and Gambro Healthcare of Massachusetts, Inc. on at least one occasion.  The defendant denies the further allegations of paragraph 6.

7.     The defendant admits that she was an employee of Gambro Healthcare of Massachusetts, Inc.  The defendant denies the further allegations of paragraph 7, as issues of fact to be determined by the trier of fact at the time of trial.

8.     The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8.

9.     The defendant admits the allegations of paragraph 9.

10.    The defendant denies the allegations of paragraph 10 as issues of fact to be determined by the trier of fact at the time of trial.

11.    The defendant denies the allegations of paragraph 11.

12.    The defendant denies the allegations of paragraph 12 as issues of fact to be decided by the trier of fact at the time of trial.

13.    The defendant denies the allegations of paragraph 13 as issues of fact to be decided by the trier of fact at the time of trial.

14.    The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14.

15.    The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15.

16.    The allegations of paragraph 16 concern a defendant other than this defendant, and therefore no answer is required.

17.    The allegations of paragraph 17 concern a defendant other than this defendant, and therefore no answer is required.

18.    The defendant denies the allegations of paragraph 18.

19. The defendant denies the allegations of paragraph 19.

### Count I

The defendant denies the allegations of Count I.

### Count II

The allegations of Count II concern a defendant other than this defendant, and therefore no answers are required. However, to the extent that the allegations of Count II may imply liability on the part of the defendant, the defendant denies them.

### Count III

The defendant denies the allegations of Count III.

### Count IV

The allegations of Counts IV concern a defendant other than this defendant, and therefore no answers are required. However, to the extent that the allegations of Counts IV may imply liability on the part of the defendant, the defendant denies them.

### Count V

The allegations of Counts V concern a defendant other than this defendant, and therefore no answers are required. However, to the extent that the allegations of Counts V may imply liability on the part of the defendant, the defendant denies them.

### Count VI

The allegations of Counts VI concern a defendant other than this defendant, and therefore no answers are required. However, to the extent that the allegations of Counts V may imply liability on the part of the defendant, the defendant denies them.

### SECOND DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

### THIRD DEFENSE

The defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct this defendant was not and is not legally responsible.

### FOURTH DEFENSE

Pursuant to M.G.L. c. 231, §60B, it is requested that a tribunal be convened within fifteen (15) days to afford the plaintiff an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

### FIFTH DEFENSE

Pursuant to F.R.C.P. Rule 12(b)(1), this court lacks jurisdiction over the subject matter and this action should be dismissed.

### SIXTH DEFENSE

Pursuant to F.R.C.P. Rule 12(b)(2), this court lacks jurisdiction of the parties as there is not complete diversity of citizenship and this action should be dismissed.

### SEVENTH DEFENSE

The negligence of the plaintiff contributed to his injuries, and recovery in this action should be barred or diminished in accordance with the provisions of Massachusetts General Laws c. 231, Sec. 85.

### EIGHTH DEFENSE

The defendant says that the plaintiff's action was not commenced within the time specified by the General Laws of the Commonwealth, and therefore, the plaintiff is barred from recovery.

### NINTH DEFENSE

The defendant says that the amount of recovery for alleged conscious pain and suffering, if any, is limited to $500,000 by the provisions set forth in Massachusetts General Laws c. 231, Sec. 60H.

### TENTH DEFENSE

The defendant says that the plaintiff's recovery for past and future medical expenses is limited pursuant to the provisions of Massachusetts General Laws c. 231, Sec. 60G.

WHEREFORE, the defendant demands that the plaintiff's Complaint be dismissed and that judgment thereon be entered in favor of the defendant, together with costs.

**THE DEFENDANT REQUESTS A TRIAL BY JURY OF ALL ISSUES.**

        Respectfully Submitted,
        The Defendant,
        **CANDACE KALOMBRATSOS, R.N.**
        By her Attorneys,


        __/s Brooks A. Ames_____
        Douglas A. Morgan, BBO No. 557653
        Brooks A. Ames, BBO No. 641192
        Rindler • Morgan, P.C.
        133 Portland Street, Suite 500
        Boston, MA 02114
        Tel: (617) 973-0660

Dated:  April 16, 2004