UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                  )
ROBERT H. GABLER and                              )
HELEN D. GABLER                                   )
                                                  )
                                                  )
         Plaintiffs,                              )
                                                  )   Civil Action No.
v.                                                )   04CV10242MEL
                                                  )
                                                  )
CANDACE KALOMBRATSOS and                          )
GAMBRO HEALTHCARE, INC.,                          )
                                                  )
         Defendants                               )
_____)

**ANSWER OF THE DEFENDANT, GAMBRO HEALTHCARE OF MASSACHUSETTS, INC., ("GAMBRO"), SUED HEREIN AS GAMBRO HEALTHCARE, INC., TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

FIRST DEFENSE

The defendant, Gambro, hereby answers plaintiff's First Amended Complaint and Demand for Jury Trial as follows:

PARTIES

1. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1.

2. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2.

3. The defendant admits that Candace Kalombratsos was a registered nurse employed by Gambro at its New Bedford facility.

4. The defendant admits that Gambro is a dialysis provider which has a corporate headquarters at 10810 West Collins Avenue, Lakewood Colorado, and conducts business as a hemodialysis facility in the Commonwealth of Massachusetts at 524 Union Street, New Bedford, Massachusetts.

## JURISDICTION

5. The defendant is without sufficient knowledge or information to form a belief as to the diversity of citizenship among the parties. The defendant denies the amount in controversy exceeds $75,000.

## FACTS COMMON TO ALL COUNTS

6. The defendant admits that Mr. Gabler received dialysis services from Gambro at various times. The defendant denies the further allegations of paragraph 6.

7. The defendant admits that Candace Kalombratsos was an employee of Gambro. The defendant denies the further allegations of paragraph 7, as issues of fact to be decided by the trier of fact at the time of trial.

8. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8.

9. The defendant admits the allegations of paragraph 9.

10. The defendant denies the allegations of paragraph 10 as issues of fact to be decided by the trier of fact at the time of trial.

11. The defendant denies the allegations of paragraph 11 as issues of fact to be decided by the trier of fact at the time of trial and further denies them to the extent they imply negligence on the part of the defendant.

12. The defendant denies the allegations of paragraph 12 as issues of fact to be decided by the trier of fact at the time of trial.

13. The defendant denies the allegations of paragraph 13 as issues of fact to be decided by the trier of fact at the time of trial.

14. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14.

15. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15.

16. The defendant admits the allegations of paragraph 16.

17. The defendant admits the allegations of paragraph 17.

18. The defendant denies the allegations of paragraph 18.

19. The defendant denies the allegations of paragraph 19.

### Count I

The defendant denies the allegations of Count I.

### Count II

The defendant denies the allegations of Count II.

### Count III

The defendant denies the allegations of Count III.

### Count IV

The defendant denies the allegations of Count IV.

### Count V

The defendant denies the allegations of Count V.

### Count VI

The defendant denies the allegations of Count VI, as issues of fact to be determined by the trier of fact at the time of trial.

### SECOND DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

### THIRD DEFENSE

The defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct this defendant was not and is not legally responsible.

### FOURTH DEFENSE

Pursuant to M.G.L. c. 231, §60B, it is requested that a tribunal be convened within fifteen (15) days to afford the plaintiff an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

### FIFTH DEFENSE

Pursuant to F.R.C.P. Rule 12(b)(1), this court lacks jurisdiction over the subject matter and this action should be dismissed.

### SIXTH DEFENSE

Pursuant to F.R.C.P. Rule 12(b)(2), this court lacks jurisdiction of the parties as there is not complete diversity of citizenship and this action should be dismissed.

### SEVENTH DEFENSE

The negligence of the plaintiff contributed to his injuries, and recovery in this action should be barred or diminished in accordance with the provisions of Massachusetts General Laws c. 231, Sec. 85.

### EIGHTH DEFENSE

The defendant says that the plaintiff's action was not commenced within the time specified by the General Laws of the Commonwealth, and therefore, the plaintiff is barred from recovery.

### NINTH DEFENSE

The defendant says that the amount of recovery for alleged conscious pain and suffering, if any, is limited to $500,000 by the provisions set forth in Massachusetts General Laws c. 231, Sec. 60H.

### TENTH DEFENSE

The defendant says that the plaintiff's recovery for past and future medical expenses is limited pursuant to the provisions of Massachusetts General Laws c. 231, Sec. 60G.

### ELEVENTH DEFENSE

The defendant says that the plaintiff has failed to effectuate service on the proper party.

### TWELFTH DEFENSE

The defendant says that the plaintiff's claims are barred by failure to name a party.

### THIRTEENTH DEFENSE

The defendant says that plaintiff has misnamed a party.

WHEREFORE, the defendant demands that the plaintiff's Complaint be dismissed and that judgment thereon be entered in favor of the defendant, together with costs.

**THE DEFENDANT REQUESTS A TRIAL BY JURY OF ALL ISSUES.**

Respectfully Submitted,
The Defendant,
**GAMBRO**
By its Attorneys,


　　/s Brooks A. Ames_____
Douglas A. Morgan, BBO No. 557653
Brooks A. Ames, BBO No. 641192
Rindler • Morgan, P.C.
133 Portland Street, Suite 500
Boston, MA 02114
Tel: (617) 973-0660


Dated: April 16, 2004